117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ANTHONY TROY CLAYTON, Petitioner-Appellant,
v.
THEO WHITE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56246.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-05396-KMW; Kim McLane Wardlaw, District Judge, Presiding.
 Before: GOODWIN, and SCHROEDER, TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony Troy Clayton, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1994 conviction for first degree murder. Clayton contends that his Sixth Amendment right to a speedy trial was violated and that he received ineffective assistance of counsel. We review de novo a district court's decision on a section 2254 petition, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm for the reasons stated in the magistrate's judge's report and recommendation filed and adopted by the district court on July 7, 1996.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On appeal, Clayton also contends that: (1) the prosecution's failure to provide timely discovery amounted to an improper attempt to withhold material evidence under Brady v. Maryland, 373 U.S. 83 (1963); (2) the prosecution abused its charging discretion and violated Clayton's due process rights against pre-accusation delay; (3) the pretrial delay caused by the prosecution resulted in an invasion of the attorney/client relationship; and (4) defense counsel breached her duty of loyalty and created an actual conflict of interest by failing to preserve Clayton's right to a speedy trial. Because Clayton did not present these claims to the district court, we decline to consider them here. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994)